1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARTIN LEE FOSTER,                  No.  2:22–cv–607–JAM–KJN PS

12              Plaintiff,               ORDER GRANTING IFP REQUEST;
                                         FINDINGS AND RECOMMENDATIONS TO
13        v.                             DISMISS

14   ALINA MENDEZ,                       (ECF No. 2.)

15              Defendant.

16

17        Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in

18   forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of

19   an action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21        However, the determination that a plaintiff may proceed without payment of fees does not

22   complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

23   claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

24   seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

25   ///

26   ///

27   _____

28   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
     E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

**Analysis**

Here, the complaint asserts plaintiff was subjected to cruel and unusual punishment after public defender Alina Mendez (defendant) "failed to defend [his] innocence" in his state criminal trial, resulting in a plea, conviction, and second strike against defendant.  In effect, the complaint attempts to assert an ineffective assistance of counsel claim under 42 U.S.C. Section 1983, and seeks $1.5 million in damages, among other relief.  (See ECF No. 1.)

Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage."  Gomez v. Toledo, 446 U.S. 635, 639 (1980).  A person "acts under color of state law [for purposes of Section 1983] only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Polk County v. Dodson, 454 U.S. 312, 317–18 (1981) (cleaned up).  Attorneys appointed to represent a criminal defendant during trial, do not generally act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed ."  Id. at 319.  Thus, when publicly appointed counsel perform as advocates, i.e., meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for Section 1983 purposes.  Id. at 320–25; Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir.2003) (en banc) (finding that public defender was not a state actor subject to suit under Section 1983 because, so long as counsel performs a traditional role of an attorney for a client, the public defender's function, no matter how ineffective, is "to represent his client, not the interests of the state or county").  For these reasons, the complaint fails to state a claim against his former public defender.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile.  Cahill, 80 F.3d at 339.

///

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is  advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fost.607